# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREDERICO A. DACENZO, JR., : | |
| : | |
| Petitioner : | |
| : | CIVIL NO. 3:18 -CV-0892 |
| v. : | |
| : | (Judge Caputo) |
| VINCENT MOONEY, *et al.,* : | |
| : | |
| Respondents : | |

# M E M O R A N D U M

Frederico A. Dacenzo, Jr., a former Pennsylvania state prisoner,[1] filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2009 Lycoming County Court of Common Pleas guilty plea conviction to ten counts of sexual abuse of children (possession of child pornography) and one count of criminal use of a communication facility. (ECF No. 1.) Respondent argues that Mr. Dacenzo's petition is untimely. (ECF No. 17.) Mr. Dacenzo asserts that his Petition is timely based on a new rule of constitutional law made retroactively applicable to cases on collateral appeal. Petitioner contends that the Supreme Court's decision in *Montgomery v. Louisiana*, \_\_\_\_\_ U.S. \_\_\_\_\_, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016),[2] made the new rule of constitutional

---

[1] Mr. Dacenzo is currently on parole. (ECF No. 19 at 3.)

[2] In *Montgomery*, the Supreme Court decided *Miller v. Alabama*, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), announced a new substantive constitutional rule retroactive in cases on collateral review. *Montgomery,* \_\_\_\_ U.S. at \_\_\_\_, 136 S.Ct. at 729. In *Miller*, the Supreme Court held that that a juvenile convicted of homicide cannot be sentenced to life imprisonment without parole without consideration of the juvenile's special circumstances at sentencing.

law announced in *Alleyne v. United States*, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013)[3] retroactively applicable to cases on collateral review. He claims his sentence is unconstitutional because the trial court violated *Alleyne* by considering elements of "other crimes" (a juvenile conviction) that were not found by the jury. (ECF No. 19.) For the following reasons Mr. Dacenzo's petition will be dismissed as untimely. A certificate of appealability will not issue.[4]

I. **Relevant Procedural History**

The Court takes the following factual background from the Pennsylvania Superior Court's opinion addressing Mr. Dacenzo's third untimely petition for collateral review under the Pennsylvania Post Conviction Relief Act (PCRA), 42 PA. CONS. STAT. § 9541, *et seq.*:

> On October 13, 2009, Dacenzo entered a negotiated guilty plea to ten counts of sexual abuse of children (possession of child pornography) and one count of criminal use of a communication facility. Dacenzo was sentenced to an aggregate term of 10-20 years' imprisonment, with a 20-year probationary tail. Dacenzo was also ordered to register for ten years under Megan's Law. Dacenzo did not file post-sentence motions or a direct appeal. On August 13, 2012, Dacenzo filed a *pro se* PCRA petition; appointed counsel filed a motion to withdraw pursuant to *Turner/Finley*. On October 24, 2012, Dacenzo filed a motion to dismiss counsel's motion to withdraw. On December 6, 2012, the trial court entered an order giving Dacenzo notice of its intent to dismiss his PCRA petition, in accordance with Pa. R. Crim. P. 907(1), denying

---

[3] In *Alleyne*, the Supreme Court held that any fact that increases the penalty for a crime beyond the mandatory minimum sentence must be submitted to a jury. *Alleyne*, 570 U.S. at 108, 133 S.Ct. at 2158.

[4] Also pending before the Court is Respondent's motion for extension of time to file an answer to the habeas petition. (ECF No. 16.) The Court will grant the motion and accept Respondent's Response (ECF No. 17) as timely filed.

> Dacenzo's motion to dismiss and granting counsel leave to withdraw.
>
> On December 21, 2012, Dacenzo filed an objection to the court's intent to dismiss his petition. On January 8, 2013, the trial court dismissed Dacenzo's petition. Dacenzo appealed that decision; [the Superior Court of Pennsylvania] affirmed the trial court's order concluding that the petition was patently untimely and Dacenzo did not satisfy the "after-discovered fact" exception set forth in 42 Pa. C.S. § 9545(b)(1)(ii). *See Commonwealth v. Dacenzo*, 172 MDA 2013 (filed Sept. 19, 2013) (Pa. Super. 2013).
>
> On December 11, 2014, Dacenzo filed a *pro se* motion to amend his sentence, seeking RRRI eligibility. On December 19, 2014, the court denied the motion stating that Dacenzo was not RRRI eligible due to his conviction for an offense that requires him to register under Megan's Law. *See* 61 Pa. C.S. § 4503(4). In January 2015, Dacenzo filed an appeal from the denial of his RRRI motion. On July 21, 2015, [the Superior Court] affirmed the denial of Dacenzo's RRRI petition, treating the petition as a serial PCRA petition, and concluding that the PCRA court lacked jurisdiction to grant Dacenzo any relief where his petition was patently untimely[,] and he did not plead and prove any PCRA time-bar exception. *Commonwealth v. Dacenzo,* 80 MDA 2015 (filed July 21, 2015) (Pa. Super. 2015).

*Commonwealth v. Dacenzo*, No. 237 MDA 2017, 2017 WL 3711064, at *1 (Pa. Super. Aug. 29, 2017) (internal footnotes omitted).

Mr. Dacenzo filed his third PCRA petition on February 23, 2016. (ECF No. 17-2 at 91 – 94.) Mr. Dacenzo argued that although his Petition was facially untimely, he met the requirements of 42 Pa. Cons. Stat. §9545(b)(1)(iii), the newly recognized right exception, because he filed his Petition within 60 days of the *Montgomery*. (ECF No. 17-2 at 92.) He opined that the Supreme Court's ruling in *Montgomery* held "*Alleyne, supra*, retroactively applicable" to cases on collateral review, entitled him to resentencing. (*Id.*) On September 30, 2016, the trial court dismissed the petition as untimely "without

exception to the PCRA time-bar." (*Id.* at 97 and 99.) The Superior Court of Pennsylvania denied Mr. Dacenzo's appeal on August 29, 2017. The Superior Court held Mr. Dacenzo's claim was without merit as *Alleyne* was not retroactive to cases on collateral review and that while the Supreme Court in *Montgomery* held that the holding of *Miller* was a substantive rule of constitutional law to which state collateral review courts were required to give retroactive effect, *Miller* had "no applicability to the instant case". *See Dacenzo*, 2017 WL 3711064, at *3 (citing *Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014) (*Alleyne* did not announce a new rule of constitutional law and courts cannot review alleged illegality of sentence claim raised in untimely PCRA petition for which no time-bar exception applies due to lack of jurisdiction) and *Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016) (*Alleyne* does not apply retroactively to collateral attacks on mandatory minimum sentences)). The Supreme Court of Pennsylvania denied Mr. Dacenzo's Petition for Allowance of Appeal on March 14, 2018. (*Id.* at 108.)

Mr. Dacenzo filed the instant habeas petition on April 21, 2018, while housed at the Retreat State Correctional Institution in Hunlock Creek, Pennsylvania. (ECF No. 1.) On May 22, 2018, the Court issued a notice of election pursuant to *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999) and *Mayson v. Meyers*, 208 F.3d 414 (3d Cir. 2000).[5] (ECF

---

[5] *See Miller*, 197 F.3d at 652 ("[U]pon receipt of pro se pleadings challenging an inmate's conviction or incarceration-whether styled as a § 2255 motion or not - a district court should issue a notice to the petitioner regarding the effect of his pleadings. This notice should advise the petitioner that he can (1) have his motion ruled upon as filed; (2) if his motion is not styled as a § 2255 motion have his motion recharacterized as a § 2255 motion and heard as such, but lose his ability to file successive petitions absent certification by the court of appeals; or (3) withdraw the motion, and file one all-inclusive § 2255 petition within the one-year statutory period."); *Mason, supra* (extending *Miller*'s notice requirements to § 2254 actions and vacating the district court's dismissal of a § 2254 petition because Mason, as a *pro se* petitioner, was not given the required *Miller* notice and instructions); *see also*, *Holden v. Mechling*, 133 F. App'x. 21 (3d Cir. 2005)

No. 3.) After Mr. Dacenzo elected to proceed on his Petition as filed (ECF No. 4), the Court served the Petition on Respondent (ECF No. 8). Respondent filed an Answer to the Petition arguing Mr. Dacenzo's Petition is untimely without exception, his claims are procedurally defaulted, and that federal habeas relief is not available to address his claim that the state court erred in calculating his prior record score when sentencing him. (ECF No. 17.) Mr. Dacenzo filed a Reply in which he restated his grounds for relief and argues his third PCRA Petition was timely. (ECF No. 19.)

## II. Discussion

### A. Relevant Law

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996) provides a one-year statute of limitations for the filing of an application for a writ of habeas corpus by a person in state custody. *See* 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1), the limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

(affirming the district court's dismissal of petitioner's § 2254 writ as untimely during a screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, when the court had previously issued "the required" *Miller* notice).

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *see Wall v. Kholi*, 562 U.S. 545, 550, 131 S.Ct. 1278, 1283, 179 L.Ed.2d 252 (2011); *see also Jenkins v. Supt. of Laurel Highlands*, 705 F.3d 80, 84 (3d Cir. 2013). Where a defendant fails to file post-sentence motions, his judgment becomes final thirty days from the date of sentencing. See 42 Pa. Con. Stat. § 9545(b)(3); Pa. R. Crim. P. 720(A)(3).

The one-year AEDPA limitations period is subject to both statutory and equitable tolling. Statutory tolling for a federal habeas claim occurs during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending …" 28 U.S.C. § 2244(d)(2). "[A] petition is properly filed when 'its delivery and acceptance are in compliance with the applicable laws and rules governing filing.' A properly filed petition must be in the proper form, and be timely delivered to the proper court or office." *Satterfield v. Johnson*, 434 F.3d 185, 101-192 (3d Cir. 2006) (quoting *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 364, 148 L.Ed.2d 213 (2000)) (internal citations omitted); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005) (where the state court rejects petitioner's PCRA petition as untimely, the petition "was not 'properly filed' and [petitioner is] not entitled to statutory tolling under § 2244(d)(2)"). A state post-conviction motion or other collateral review is "pending" from the date it is filed until the date the court rules on the petition as well as "the time during which an appeal could be filed even if the appeal is not eventually filed." *Swartz v. Meyers*, 204 F.3d 417, 424 (3d Cir. 2000).

The limitations period may be subject to equitable tolling when the petitioner shows that he "has been pursuing his rights diligently," and yet "some extraordinary circumstance stood in his way and prevented timely filing" of his habeas petition. *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010); *Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013). "However, courts need to be 'sparing in their use of' the doctrine," *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011) (quoting *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)), as it does not extend to a "garden variety claim of excusable neglect." *Schlueter v. Varner*, 384 F.3d 69, 83 (3d Cir. 2004) (citing *Irwin v. Dep't Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 96, 112 L.Ed.2d 435 (1990)).

The diligence required for equitable tolling is reasonable diligence, not maximum, extreme, or exceptional diligence. *Holland*, 560 U.S. at 653, 130 S.Ct. at 2565. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period the appellant is exhausting state court remedies as well." *Lacava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) (citing *Jones v. Morton*, 195 F.3d 153, 160 (3d Cir. 1999)). "[T]he due diligence inquiry is fact-specific and depends on the circumstances faced by the particular petitioner". *Munchinski v. Wilson*, 694 F.3d 308, 331 (3d Cir. 2012). The Third Circuit Court of Appeals has found extraordinary circumstances prevented a petitioner from pursuing his habeas claims when: (1) the respondent actively misled the petitioner; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, *see Jones,* 195 F.3d at 159; or (4) the court has mislead the petitioner regarding the steps that he needs to take to preserve a claim. *See Brinson*

*v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005). Even where extraordinary circumstances are found, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

The Supreme Court has also recognized that a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of "a procedural bar … or … expiration of the statute of limitations" under the miscarriage of justice exception. *See McQuiggin v. Perkins*, 569 U.S. 383, 386, 133 S.Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013). But actual innocence claims are "rarely successful." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 865, 130 L.Ed.2d 808 (1995). "[T]he fundamental miscarriage of justice exception applies only in cases of actual innocence." *Coleman v. Greene*, 845 F.3d 73, 77 (3d Cir. 2017) (citing *McQuiggin*, 569 U.S. at 386, 133 S.Ct. at 1928). "[A]ctual innocence requires a showing of factual innocence, not mere legal insufficiency." *Swenger v. Chesney*, 294 F.3d 506, 523 (3d Cir. 2002). To prevail under this standard, the petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in the light of new evidence." *Schlup*, 513 U.S. at 327, 115 S.Ct. at 867. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Id*. at 316, 115 S.Ct. at 861.

### B. Mr. Dacenzo's Petition is Time-Barred

Mr. Dacenzo received his sentence on January 15, 2010. His judgment of sentence became final on February 15, 2010, at the expiration of the thirty-day period for him to file a direct appeal to the Superior Court of Pennsylvania. *See* Pa. R.A.P. 903; 42 Pa. Cons. Stat. § 9545(b)(3). The one-year period for the statute of limitations commenced running as of that date. Hence, his federal petition, filed on April 21, 2018, is clearly untimely. However, the Court's analysis does not end here as we must consider statutory, including the possibility of an alternative starting date of the one-year limitations period pursuant to § 2244(d)(1)(C), as well as equitable tolling considerations.

Mr. Dacenzo's one-year statute of limitations ran from February 15, 2010 until February 15, 2011. The state courts determined Mr. Dacenzo's first PCRA Petition, filed August 13, 2012, was untimely without exception. *See Commonwealth v. Dacenzo*, No. 172 MDA 2013, 2013 WL 11254552 (Pa. Super. Ct. Sept. 19, 2013), *aff'd,* 625 Pa. 633, 89 A.3d 659 (Pa. 2014) (Table). Mr. Dacenzo's second PCRA Petition seeking the sentencing court to declared him eligible for the Recidivism Risk Reduction Incentive (RRRI) Act, 61 Pa. Con. Stat. §4501 *et seq.*, was also deemed untimely and no time-bar exception was found to apply. *See Commonwealth v. Dacenzo*, No. 80 MDA 2015, 2015 WL 6824985 (Pa. Super. Ct. Jul. 21, 2015). Mr. Dacenzo's third PCRA, filed February 23, 2016, faired no better. *See Commonwealth v. Dacenzo*, No. 237 MDA 2017, 2017 WL 3711064 (Pa. Super. Ct. Aug. 29, 2017), *appeal denied*, 645 Pa. 735, 182 A.3d 448 (Pa. 2018) (Table). None of Mr. Dacenzo's untimely PCRA Petitions tolled the AEDPA statute of limitations because an untimely PCRA petition is not "properly filed" within the meaning of the AEDPA statute. *See Pace*, 544 U.S. at 417, 125 S.Ct. at 1814.

Before concluding that Mr. Dacenzo's Petition is untimely, the Court must determine whether, as he suggests, he is entitled to an alternative starting point of the one-year limitations period pursuant to § 2244(d)(1)(C). Mr. Dacenzo claims he filed this third PCRA petition within sixty days of the Supreme Court's decision in *Montgomery*, which he argues declared the holding of *Alleyne* retroactively applicable to cases on collateral review. Mr. Dacenzo filed his third PCRA petition on February 23, 2016. (ECF No. 1 at 5 and 13.) Under § 2244(d)(1)(C), Mr. Dacenzo's Petition is timely if: (1) it relies on a newly recognized constitutional right by the Supreme Court, § 2244(d)(1)(C); (2) the Supreme Court has declared the newly recognized right is retroactively applicable to cases on collateral review, *id.*; and (3) it is filed within one year from ""from the date on which the right he asserts was initially recognized" by the Supreme Court even if is not made retroactive until later, *Dodd v. United States*, 545 U.S. 353, 357, 125 S.Ct. 2478, 2482, 162 L.Ed.2d 343 (2005).

In undertaking this assessment, the Court must determine whether any of the cases cited by Mr. Dacenzo assert a newly recognized constitutional right made retroactive to cases on collateral review prior to calculating the alternative commencement of the limitations period. The Third Circuit Court of Appeals has determined that *Alleyne* is not retroactive to cases on collateral appeal.[6] *See United States v. Winkleman*, 746 F.3d 134, 136 (3d Cir. 2014) (*Alleyne* not retroactive because "a new rule is not 'made retroactive to cases on collateral review' unless the Supreme

---

[6] Even if *Alleyne* was held to apply retroactively, it could not revive the limitations period in this matter as it was decided June 17, 2013. Mr. Dacenzo did not file his third PCRA Petition or his current habeas petition until 2016. Thus, he could not benefit of a later start date of his 1-year statue of limitations based on *Alleyne.*

Court holds it to be retroactive") (quoting *Tyler v. Cain*, 533 U.S. 656, 663, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001)); *see also United States v. Reyes*, 755 F.3d 212, 212 (3d Cir. 2014) ("[T]he rule of criminal procedure announced by the Supreme Court in *Alleyne* does not apply retroactively to cases on collateral review.") Mr. Dacenzo also cites *Montgomery* to restart his one-year limitations period. However, *Montgomery* did not announce a new constitutional right, it held that the rule announced in *Miller* was retroactively applicable to cases on collateral review. *Montgomery*, ____ U.S. at ____, 136 S.Ct. at 732. The Supreme Court decided *Miller* on June 25, 2012. Thus, even if applicable to Mr. Dacenzo, his Petition is still patently untimely as it was not filed within sixty days of *Miller*.[7] *Dodd*, 545 U.S. at 357, 125 S.Ct. at 2482. Finally, Mr. Dacenzo's reliance on the *Montgomery* to establish an alternative start date of his 1-year limitations period, is also misplaced. As noted above, *Montgomery* did not recognize a new rule of constitutional law; rather, it applied the rule set forth by the Supreme Court in *Miller*. Thus, absent equitable tolling of the limitations period, Mr. Dacenzo's Petition is untimely.

Unfortunately, Mr. Dacenzo has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. *See* ECF No. 1 at 13 and ECF No. 19. The fact that he is untrained in the law, was proceeding *pro se*, or may have been unaware of the statute of limitations for a certain period does not warrant tolling.

---

[7] Moreover, Mr. Dacenzo does not suggest how *Miller* is applicable to his case. Mr. Dacenzo does not claim he was a juvenile when charged with possession of child pornography. A review of the docket sheet in his criminal case confirms he was not a juvenile when charged. The Supreme Court in *Miller* did not recognize an Eighth Amendment violation for a mandatory sentencing scheme as to adults but juveniles, and only juveniles. As stated by the Pennsylvania Superior Court, "*Miller* has no applicability to the instant case." *Dacenzo*, 2017 WL 3711064, at n. 12. This Court agrees as Mr. Dacenzo was not sentenced to life without the possibility of parole as a juvenile, the right recognized by *Miller* and held retroactive in *Montgomery,* does not apply to him.

*See Merritt v. Blaine*, 326 F.3d 157, 170 (3d Cir. 2003). Accordingly, Petitioner is not entitled to equitable tolling of the limitations period.

The Court also notes that Mr. Dacenzo does not claim that he is actually innocent of the crimes for which he was convicted. Therefore, he is not excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. Mr. Dacenzo's habeas Petition therefore is time-barred without exception.

### III.    Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000). In the

instant matter, jurists of reason would not find the disposition of Mr. Dacenzo's petition debatable. As such, the court will not issue a certificate of appealability in this case.

## IV.     Conclusion

For the reasons set forth above, Mr. Dacenzo's Petition for writ of habeas corpus will be dismissed as untimely.

An appropriate order follows.

**Date:  October 17, 2019**                                  /s/ A. Richard Caputo
                                                                              **A. RICHARD CAPUTO**
                                                                              **United States District Judge**